UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

UNITED STATES OF AMERICA,

    - against -

CAROLINE QUARSHIE,

                Defendant.

----------------------------------------X

04 Cr. 1148-5 (RWS)

SENTENCING OPINION

**Sweet, D.J.**

        On October 28, 2005, Caroline Quarshie ("Quarshie") was found guilty after a jury trial of one count of conspiracy to commit money laundering. For the reasons set forth below, Quarshie will be sentenced to twenty-seven months' imprisonment, to be followed by a three-year term of supervised release. Quarshie also will be required to pay a special assessment of $100.

## Prior Proceedings

        Quarshie was arrested on January 19, 2005 and released on a $100,000 bond on January 31, 2005. A superseding indictment was filed in the Southern District of New York on March 22, 2005, charging in part that from July to August, 2004, Quarshie, her co-defendant Akosua Animpong (" Animpong") and others conspired to commit money laundering in violation of 18 U.S.C. §

1

1956(a)(1)(B)(i).  Trial against Quarshie and her co-defendant John
Aggrey-Fynn began on October 25, 2005.  Quarshie was convicted of
her criminal conduct as set forth in the indictment and has
remained free on bond pending her sentencing, which is scheduled
for January 16, 2007.

## The Sentencing Framework

In accordance with the Supreme Court's decision in United
States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's
decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005),
the sentence to be imposed was reached through consideration of all
of the factors identified in 18 U.S.C. § 3553(a), including the
advisory Sentencing Guidelines (the "Guidelines") established by
the United States Sentencing Commission.  Thus, the sentence to be
imposed here is the result of a consideration of:

  (1)  the nature and circumstances of the offense and the
       history and characteristics of the defendant;

  (2)  the need for the sentence imposed --

       (A)  to reflect the seriousness of the offense, to
            promote respect for the law, and to provide
            just punishment for the offense;

       (B)  to afford adequate deterrence to criminal
            conduct;

       (C)  to protect the public from further crimes of
            the defendant; and

       (D)  to provide the defendant with needed
            educational or vocational training, medical
            care, or other correctional treatment in the

2

most effective manner;

(3)  the kinds of sentences available;

(4)  the kinds of sentence and the sentencing range
      established for --

      (A)  the applicable category of offense committed
           by the applicable category of defendant as set
           forth in the guidelines ...;

(5)  any pertinent policy statement ... [issued by the
      Sentencing Commission];

(6)  the need to avoid unwarranted sentence disparities
      among defendants with similar records who have been
      found guilty of similar conduct; and

(7)  the need to provide restitution to any victims of
      the offense.

18 U.S.C. § 3553(a).  A sentencing judge is permitted to find all

the facts appropriate for determining a sentence, whether that

sentence is a so-called Guidelines sentence or not.  See Crosby,

397 F.3d at 114-15.

## The Defendant

The Court adopts the facts set forth in the Probation

Department's Presentence Investigation Report ("PSR") with respect

to Quarshie's personal and family history.

3

**The Offense Conduct**

In late June 2004, the Drug Enforcement Agency commenced wiretaps on phones belonging to Animpong, a wholesale heroin distributor in the Bronx. Several calls were intercepted between Animpong and Quarshie, as well as between Quarshie and another co-conspirator who was not named as a defendant. On July 29, 2004, Quarshie called Animpong to confirm that there was money ready to be picked up, and then traveled from her home in Virginia to Animpong's home in the Bronx and received $100,000 in cash. She traveled back to Virginia the following day, and over the next week deposited the money into bank accounts in the name "Virtual Sound," for which she and her cousin Godfrey Opoku ("Opoku") were the only two signatories. The money was deposited in several installments of cash and third-party checks written by individuals to whom she had given cash.

Quarshie and Animpong spoke again on the telephone on August 11 and 12, 2004. Quarshie told Animpong there were delays in transferring the money, and Animpong told Quarshie that the amount of money she currently had was "not enough," about $10,000 or $16,000, but that someone might be bringing her some more.

Animpong was arrested on August 16, 2004, and charged with conspiracy to distribute heroin and conspiracy to launder

4

money. Quarshie was arrested on January 19, 2005, and charged with the offense of conviction.

## The Relevant Statutory Provisions

The maximum term of imprisonment is twenty years, pursuant to 18 U.S.C. § 1956(h).

If a sentence of imprisonment is imposed, the Court may impose a term of not more than three years' supervised release, pursuant to 18 U.S.C. § 3583(b)(2).

Quarshie is eligible for not less than one nor more than five years' probation by statute, pursuant to 18 U.S.C. § 3561(c)(1). Because the offense is a felony, one of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service, pursuant to 18 U.S.C. 3563(a)(2).

Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, all offenders on probation, parole or supervised release for offenses committed after September 13, 1994, are required to submit to one drug test within fifteen days of commencement of probation, parole or supervised release and at least two drug tests thereafter for use of a controlled substance, unless ameliorated or suspended by the court due to its

5

determination that the defendant poses a low risk of future
substance abuse as provided in 18 U.S.C. §§ 3563(a)(5) and 3583(d).

The maximum fine is $500,000, pursuant to 18 U.S.C. §
3571. A special assessment in the amount of $100 is mandatory. 18
U.S.C. § 3013.

## The Guidelines

The November 1, 2006 edition of the United States
Sentencing Commission Guidelines Manual has been used in this case
for calculation purposes, pursuant to section 1B1.11(a).

The Guideline for violations of 18 U.S.C. § 1956(h) is
found in section 2S1.1. Because Quarshie is being held responsible
for laundering approximately $100,000, the base offense level is
16. §§ 2S1.1(a)(2), 2B1.1(b)(1)(E).

The Government has requested a four-level increase on the
grounds that Quarshie was in the business of laundering funds,
pursuant to section 2S1.1(b)(2)(C). Quarshie disputes this
adjustment. The Guidelines direct the Court to " consider the
totality of the circumstances to determine whether a defendant who
did not commit the underlying offense [in this case, conspiracy to
distribute heroin] was in the business of laundering funds . . . ."
§ 2S1.1, cmt. 4(A). Factors that the Court may consider include

6

whether the defendant "regularly engaged in laundering funds . . . [,] engaged in laundering funds during an extended period of time . . . [,] engaged in laundering funds from multiple sources . . . [,] generated a substantial amount of revenue in return for laundering funds," and/or had prior convictions for money laundering or similar offenses. Id. cmt. 4(B)(i)-(v).

Quarshie has no prior convictions, whether for money laundering or any other offense. Quarshie admitted after her arrest that she had personally transferred large amounts of money into and out of the Virtual Sound account on a regular basis for a period of approximately two years. However, with the exception of the $100,000 that Quarshie received from Animpong, it has not been demonstrated that Quarshie knew or suspected that the money she deposited and transferred came from illegitimate sources, nor has it been demonstrated that any other money was in fact the proceeds of unlawful activity. Because the statute defining money laundering requires as an element of the offense knowledge " that the property involved in a financial transaction represents the proceeds of some form of unlawful activity," 18 U.S.C. § 1956(a)(1), the Court cannot conclude that Quarshie regularly engaged in laundering funds nor that she engaged in laundering funds for an extended period of time. Although Quarshie has acknowledged receiving approximately $4,000 from Opoku for picking up and depositing the $100,000 from Animpong, she also has testified that she did not receive a salary or regular commissions

7

for her activities, and that any sums of money she received from Opoku were loans that she repaid over time.   Considering the totality of the circumstances, it is determined that Quarshie was not "in the business" of laundering funds, and the four-level increase will not be applied.

Because Quarshie was convicted under 18 U.S.C. § 1956, a two-level increase is required.  The resulting offense level is 18.

The   defendant   has   no   known   criminal   convictions. Therefore, Quarshie has no criminal history points and a Criminal History Category of I.

Based on a total offense level of 18 and a Criminal History Category of I, the Guidelines range for imprisonment is twenty-seven to thirty-three months.

The Guidelines range for a term of supervised release is at least two but not more than three years, pursuant to section 5D1.2(a)(2).  If a sentence of imprisonment of one year or less is imposed, a term of supervised release is not required but is optional, pursuant to section 5D1.1(b).

The defendant is not eligible for probation because the applicable Guidelines range is in Zone D of the sentencing table, pursuant to section 5B1.1, cmt. 2.

8

The fine range for the instant offense is from $6,000 to $60,000. § 5E1.2(c)(3)(A), (B). Subject to the defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release. § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $1,952.66 to be used for imprisonment, a monthly cost of $287.50 for supervision, and a monthly cost of $1,736.98 for community confinement.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance with the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. Pursuant to all of the factors, it is hereby determined that a Guidelines sentence is warranted.

9

**The Sentence**

For the instant offense, Quarshie will be sentenced to twenty-seven months' imprisonment, to be followed by a three-year term of supervised release.

As Quarshie has kept all court appearances, has been in compliance with all terms and conditions of her pretrial release, and is not viewed as a flight risk or a danger to the community, she is deemed a good candidate for voluntary surrender, pursuant to 18 U.S.C. § 1343(a)(2)(B). Quarshie is therefore directed to report to the Bureau of Prisons no later than March 2, 2007, to commence a twenty-seven month term of imprisonment.

Quarshie is further directed to report to the nearest Probation Office within seventy-two hours of release from custody. It is recommended that the defendant be supervised by the district of residence.

As mandatory conditions of her supervised release, Quarshie shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) cooperate in the collection of DNA as directed by the probation officer. The mandatory drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future

10

substance abuse.

Furthermore, the standard conditions of supervision (1-13) shall be imposed with the additional special condition that Quarshie shall submit her person, residence, place of business, vehicle, or any other premises under her control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that the defendant is able to pay a fine, so the fine in this case shall be waived.

A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

11

The terms of this sentence are subject to modification at the sentencing hearing scheduled for January 16, 2007.

It is so ordered.

**New York, NY**
**January** _l5_   **, 2007**

**ROBERT W. SWEET**
**U.S.D.J.**

12